USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
DOMINGO RAMIREZ ROGERS,
                                    :    16 Civ. 4545 (HBP)
                Plaintiff,
                                    :    OPINION
    -against-                            AND ORDER
                                    :
FSM MANAGEMENT INC., et al.,
                                    :
                Defendants.
                                    :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 18). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        The parties reached their proposed settlement prior to any settlement conference being scheduled, and therefore, my knowledge of the underlying facts and the justification for the settlement is limited to counsels' representations in their letter submitted in support of the settlement.

        Plaintiff formerly worked for defendant FSM Management Inc. as a building superintendent and seeks, by this action, to recover unpaid minimum wages and overtime premium pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 28 U.S.C. §§ 201 et seq., and the New York Labor Law. Plain-

tiff also asserts a claim based on defendants' alleged failure to maintain certain records and to provide certain notices under the Wage Theft Prevention Act (the "WTPA").

Plaintiff alleges he was assigned to perform cleaning and maintenance work at three buildings in Manhattan from June 2014 through June 2015. He alleges he worked 46 hours per week from June 2014 through April 2015 and was paid a flat weekly salary of $245.00.[1] Plaintiff claims he is owed $4,500.00 in unpaid minimum wage, $800.00 in unpaid overtime, $5,300.00 in liquidated damages and $10,000.00 for WTPA violations.

Defendants deny plaintiff's allegations. Specifically, defendants dispute the number of hours plaintiff alleges he worked, claiming that he worked only 24 hours per week.

The parties have agreed to a settlement in the total amount of $16,500.00. The proposed settlement further provides that plaintiff's counsel will receive $5,863.67 and that the balance of $10,636.33 will be paid to plaintiff. The amount allocated to counsel is comprised of $545.00 for out-of-pocket costs plus one-third of the remaining settlement proceeds, i.e., $545.00 + ($15,955.00 ÷ 3).

---

[1] Plaintiff alleges he did not work overtime after April 2015 and that from that time on, he was paid more than the federal minimum wage.

2

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider

3

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, the net settlement represents more than 100% of plaintiff's unpaid wages and approximately one-third of his liquidated and WTPA damages. Thus, the net settlement amount provides plaintiff with a substantial percentage of his claimed damages.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Plaintiff's case rests largely on his oral testimony. Trial preparation would require additional discovery to explore plaintiff's claims. The settlement avoids that necessity.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Plaintiff has no proof of the amount of hours he worked. Additionally, plaintiff alleges he received a raise in pay in May 2015, when he was working fewer hours than he alleges he worked from June 2014 through April 2015. A jury

4

assessing that fact might view plaintiff's claims about the number of hours he worked from June 2014 through April 2015 with skepticism because it is odd that plaintiff would receive a raise for working fewer hours than he previously did; the factfinder may infer that plaintiff overestimated the amount of hours he worked from June 2014 through April 2015.[2] Therefore, whether plaintiff would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-5669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is

---

[2]There is nothing in the complaint or in the parties' letter seeking settlement approval indicating that plaintiff's job requirements changed in May 2015.

reasonable . . . ." (assessing fairness of class action settlement)).

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel and that counsel advocated zealously on behalf of their respective clients during negotiations.

Fifth, there are no factors that suggest the existence of fraud or collusion.

The settlement also provides that, after deduction of out-of-pocket costs, one-third of the settlement fund will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third

6

of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
April 13, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record